IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORENZO HARRISON, | ) | CASE NO. 1:12CV202 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Lorenzo Harrison ("Petitioner" or "Harrison") brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner is detained at the Lebanon Correctional Institution, having been convicted by a Cuyahoga County, Ohio, Common Pleas Court jury of three counts of rape and three counts of kidnapping.  Doc. 9-1, pp. 22-23.[1]  The trial court merged Harrison's rape and kidnapping convictions and, on April 1, 2009, sentenced him to life without parole for the three rape convictions to be served concurrently and ten years for each of the three kidnapping convictions to be served concurrently with each other and with the sentences for the rape convictions. Doc. 9-1, pp. 23.

On January 27, 2012, Harrison filed his petition for writ of habeas corpus setting forth five grounds for relief.  Docs. 1, p. 2; 1-1 p. 26.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  As set forth more fully below, Harrison's grounds are procedurally defaulted, fail on the merits, or are not cognizable.  Thus, the undersigned recommends that Harrison's petition for writ of habeas corpus (Doc. 1) be **DENIED**.  The undersigned also **DENIES** Harrison's request for discovery and an evidentiary hearing (Doc. 21).

---

[1]  Doc. page citations are to ECF Doc. page numbers.

1

## I.  Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (20009). The Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio, set forth the facts underlying Harrison's conviction as follows:[2]

> {¶ 9} The victim, R.A., testified that she and her mother lived in Cleveland with Harrison at three different residences; she had previously lived with her Aunt Evelyn in Detroit. She stated that Harrison anally raped her on seven different occasions during the time she lived with him. R.A. testified that the incidents occurred while her mother was at work and R.A. was at home with Harrison. After the last time that Harrison raped R.A., he told her that what he had done was wrong and he was going to stop.

> {¶ 10} R.A. testified that she once told her mother about the rapes, but her mother did not do anything. Her mother admitted that R.A. had told her about Harrison's conduct and that she did not do anything because she loved Harrison, did not want to see him get in trouble, and did not believe R.A. She continued to leave R.A. alone with Harrison after R.A.'s disclosure.

> {¶ 11} The trial testimony also revealed that R.A.'s mother and Harrison had a tumultuous relationship that involved drinking and physical violence. R.A.'s mother eventually tired of the relationship, and she and R.A. moved to their hometown of Detroit. Shortly after the move, R.A. told her Aunt Evelyn of the rapes; Evelyn immediately contacted the Cleveland police.

> {¶ 12} A medical exam was conducted on R.A. two months after the last rape; no evidence of sexual conduct was noted.

*State v. Harrison*, No. 93132, 2010-Ohio-2778, 2010 WL 2471415, at *2 (Ohio Ct. App. June 17, 2010).

## II. Procedural Background

### A.  State Conviction

---

[2] The facts are taken from the Eighth District Court of Appeals' decision *State v. Harrison*, 2010-Ohio-2778, 2010 WL 2471415 (Ohio Ct. App. June 17, 2010). Harrison has not demonstrated by clear and convincing evidence that the state court's factual findings were incorrect.  Accordingly, the state court's findings are presumed correct.  *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

On July 31, 2008, a Cuyahoga County Grand Jury returned an indictment charging Harrison with ten counts of rape. *Id.*, ¶2. Each rape count included a furthermore clause that he purposely compelled the victim to submit by force or threat of force and that the victim was under ten years of age, a notice of prior conviction, and a repeat violent offender specification. *Id.* Harrison was also indicted on ten counts of kidnapping, each with a sexual motivation specification, notice of prior conviction, and repeat violent offender specification. *Id.*

Two of the rapes (Counts 1 and 2) and two of the kidnappings (Counts 3 and 4) were alleged to have occurred between August 1, 2005 and January 15, 2006 at a home in Columbia Avenue in Cleveland, Ohio. *Id.*, ¶¶3-4. Four of the rapes (Counts 5-8) and four of the kidnappings (Counts 9-12) were alleged to have occurred between February 1, 2006 and August 1, 2006 at an apartment on East 106th Street in Cleveland. *Id.* The remaining rapes (Counts 13-16) and kidnappings (Counts 17-20) were alleged to have occurred between August 2, 2006 and June 1, 2007 at an apartment on Woodside Avenue in Cleveland. *Id.* There was one victim. *Id.*, ¶3.

A jury trial commenced on February 24, 2009. Doc. 9-3, 9-4, 9-5. On the day of trial, Harrison made an oral motion to excuse his counsel, a public defender, but the court summarily denied his request. *State v. Harrison*, 2010 WL 2471415, at *1, ¶6. At the close of the State's case, the trial court dismissed four counts of rape and four counts of kidnapping (Counts 13-20) pursuant to Criminal Rule 29. Doc. 9-5, pp. 4-5. The defense did not present any evidence. *State v. Harrison*, 2010 WL 2471415, at *1, ¶6.

The jury found Harrison guilty of three counts of rape and three counts of kidnapping. Doc. 9-5, pp. 81-85.[3] The jury found Harrison not guilty of the remaining three counts of rape and three counts of kidnapping. *Id.* On April 1, 2009, Harrison was ordered to serve a total

---

[3] The jury found Harrison guilty on Counts 1, 3, 5, 8, 9, and 12. Doc. 9-5, pp. 81-85.

sentence of life without parole for the three rape convictions to be served concurrently and ten

years for each of the three kidnapping convictions to be served concurrently. Doc. 9-1, p. 23.

The court merged the kidnapping convictions with the rape convictions. *Id*.

## B.  Direct Appeal

Harrison, through counsel, timely appealed to the Eighth District Court of Appeals.  Doc.

9-1, p. 25.  In his brief, he presented five assignments of error:

1.  The trial court erred by overruling a defense motion to dismiss a prospective juror for cause where the totality of the questioning revealed a strong bias against the appellant.

2.  Defense counsel's failure to move to dismiss biased prospective jurors for cause and restricting of the appellant's ability to testify deprived the appellant his right to effective assistance of counsel.

3.  The convictions are against the weight of the evidence.

4.  The trial court erred by failing to conduct a hearing on the appellant's request for replacement of counsel made prior to trial.

5.  The appellant was denied his right to testify.

Doc. 9-1, p. 46.  On February 26, 2010, the Court of Appeals remanded the case for rulings on

the notices of prior conviction, repeat violent offender specifications and sexual motivation

specifications.  Doc. 9-1, p. 109.  On March 12, 2010, pursuant to the remand, the trial court

made corrections by issuing a *nunc pro tunc* journal entry for Harrison's conviction and

sentencing. Doc. 9-1, pp. 110-112.

On June 17, 2010, the state Court of Appeals affirmed the trial court's ruling on all but

one ground—it reversed in part the judgment of the trial court and remanded for the limited

purpose of conducting a hearing regarding Harrison's request for new counsel at trial.  *State v.*

*Harrison*, 2010 WL 2472425, at *7, ¶46.  The Court of Appeals instructed that, if the trial court

concluded that Harrison's allegations regarding his request for new counsel were unfounded, it

shall re-enter judgment, and the convictions are affirmed.  *Id.*  The Court of Appeals also advised

4

that any further appeal would be limited to a review of the trial court's finding regarding the removal of counsel. *Id.*

On August 2, 2010, Harrison, proceeding *pro se*, filed an appeal of the June 17, 2010, Judgment to the Ohio Supreme Court. Doc. 9-1, pp. 131-132. In his memorandum in support of jurisdiction, Harrison asserted a single proposition of law:

> I. There can be no conviction where there is no evidence to support it and a Court of Appeals cannot make excuses as to why there is no evidence but must state what evidence in the record it relies upon in upholding a conviction when weighing the manifest weight of the evidence.

Doc. 9-1, p. 143. On October 13, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Doc. 9-1, p. 167.

## C. Remand Hearing

On August 20, 2010, pursuant to the Ohio Court of Appeals' remand order, the trial court held a hearing regarding Harrison's prior request to replace counsel. Docs. 9-1, p. 168; 9-7 (hearing transcript). The court found that Harrison's reasons for wanting to replace counsel were "insufficient." Docs. 9-1, p. 168; 9-7, p.14.

## D. Appeal of the Hearing

On September 6, 2010, Harrison, through counsel, filed an appeal of the August 20, 2010, decision of the trial court. Doc. 9-1, p. 169. In his brief, Harrison asserted the following assignments of error:

> 1. The trial court failed to provide the appellant a full and fair hearing on the remand from this Court.
>
> 2. The trial court deprived the appellant his right to assistance of counsel by failing to appoint counsel for the remand procedure.

Doc. 9-1, p. 191. Harrison also filed a *pro se* brief in which he set forth the following assignment of error:

1.  The trial court erred by finding that appellant's reasons for wanting to replace counsel was insufficient. And by failing to fully inquire into appellant's concerns about the effectiveness of his trial counsel.

Doc. 9-1, pp. 216-225.  The State filed a motion to strike Harrison's *pro se* brief because it was untimely.  Doc. 9-1, pp. 226-227.  The Ohio Court of Appeals granted the State's motion to strike, and on June 30, 2011, it affirmed the judgment of the trial court.  Docs. 9-1, p. 229; 9-2, pp. 1-14.  *State v. Harrison*, No. 95666, 2011 Ohio 3258, 2011 WL 2566470 (Ohio Ct. App. June 30, 2011).

Harrison, proceeding *pro se*, filed a motion to reconsider the judgment because the Court of Appeals did not consider his *pro se* brief.  Doc. 9-2, p. 15.  The Court of Appeals denied Harrison's motion for reconsideration.  Doc. 9-2, p. 16.

Harrison, *pro se*, filed a notice of appeal and a motion to file delayed appeal of the judgment entered on June 30, 2011, to the Ohio Supreme Court.  Doc. 9-2, pp. 17-19.  On November 2, 2011, the Ohio Supreme Court denied the motion for delayed appeal.  Doc. 9-2, p. 56.

### E.  Application to Reopen Direct Appeal—CA 93132

On September 16, 2010, Harrison, *pro se*, filed an application to reopen his direct appeal pursuant to Oh. App. R. 26(B).  Doc. 9-2, p. 57.  He asserted that his appellate counsel was ineffective because he did not challenge Harrison's "unlawful" sentence of life without parole.  Doc. 9-2, p. 58.  He also claimed that his constitutional right to a speedy trial was denied and that his conviction should be vacated because the actions he was accused of amounted to sexual battery, not rape.  Doc. 9-2, pp. 59-64.  On February 14, 2011, the Ohio Court of Appeals denied the reopening of the appeal.  Doc. 9-2, p. 72-78.  *State v. Harrison*, 2011 Ohio 699, 2011 WL 550106 (Ohio Ct. App. Feb. 14, 2011).

On March 29, 2011, Harrison, *pro se*, appealed the February 14, 2011, judgment to the

Ohio Supreme Court.  Doc. 9-2, pp. 79-80.  In his memorandum in support of jurisdiction,

Harrison advanced three propositions of law:

> I. A criminal defendant can only be punished to the extent of the law as it was in effect at the time the alleged offense was committed.
>
> II. Where there is no waiver and a criminal Defendant files his objection and demand for trial, no additional continuances "at the request of defendant" shall be counted against him without his written consent or waiver.
>
> III. When two or more provisional statutes give[] differing penalties for the same conduct, the special provision must prevail over the more general statutes.

Doc. 9-2, p. 82.  On May 25, 2011, the Ohio Supreme Court denied leave to appeal and

dismissed the appeal "as not involving any substantial constitutional question."  Doc. 9-2, p. 104.

### F.  Application to Reopen Appeal—CA 95666

On August 10, 2011, Harrison, *pro se*, filed another application to reopen his appeal

pursuant to App. R. 26(B).  Doc. 9-2, p. 105.  He asserted two assignments of error:

> 1. The trial court erred by finding that appellant's reasons for wanting to replace counsel was insufficient.
>
> 2. And by failing to fully inquire into appellant's concerns about the effectiveness of his trial counsel.

Doc. 9-2, p. 106.  On November 7, 2011, the Ohio Court of Appeals denied Harrison's

application to reopen because it did not meet the requirements of a Rule 26(B) motion and it

failed on the merits.  Doc. 9-2, p. 121.  *State v. Harrison*, No. 95666, 2011 Ohio 5823, WL

5506115 (Ohio Ct. App. Nov. 7, 2011).

### G.  Motion to the Trial Court for Acquittal or New Trial

On May 9, 2011, Harrison, *pro se*, filed a motion for judgment of acquittal pursuant to

Oh. Crim. R. 29(C) or, in the alternative, a new trial pursuant to Oh. Crim. R. 33 (A)(2).  Doc. 9-

2, p. 132.  He alleged: (1) that his convictions were not supported by credible evidence and were

contrary to law; (2) that the prosecutor committed misconduct by presenting false testimony; and (3) that his trial counsel was ineffective because he did not impeach the victim's false testimony. Doc. 9-2, p. 133.  The State filed an opposition brief arguing that Harrison's motion was untimely. Doc. 9-2, pp. 164-169.  On August 10, 2011, Harrison filed a motion for leave to file a motion for judgment of acquittal and alternative motion for a new trial. Doc. 9-2, pp. 170-172. He also filed a document entitled "Proof Beyond A Reasonable Doubt" in which he alleged that the assistant prosecutors knew the victim was lying and that they lied to the jury.  Doc. 9-2, pp. 175-182.  The State filed a response, asserting that Harrison's filing was not in the form of a motion and that it was barred by *res judicata*.  Doc. 9-2, pp. 204-205.  On February 21, 2012, the trial court denied all of Harrison's motions.  Doc. 9-2, pp. 207-209.[4]

### H.  State Habeas Petition[5]

On November 7, 2011, Harrison filed a habeas corpus petition in the Ohio Supreme Court.  Doc. 17-2, pp. 10-31.  He asserted the following grounds for relief: double jeopardy, prosecutorial misconduct and denial of counsel/ineffective assistance of counsel.  Doc. 17-2, pp. 10-31.  The Ohio Supreme Court dismissed the petition on December 11, 2011.  Doc. 17-2, p. 32.

### I.  Federal Habeas Petition

Harrison, *pro se*, filed a petition for a writ of habeas corpus.  The petition was signed on November 9, 2011, and was received by the court on January 27, 2012.  Doc. 1, p. 13.  Harrison listed the following grounds for relief:

**Ground One:**  Unlawfully Charged and Prosecuted

---

[4]  The trial court construed Harrison's  filing, "Proof Beyond A Reasonable Doubt," as a motion.  Doc. 9-2, p. 209.

[5]  Respondent did not include Harrison's state habeas petition in the record and did not refer to the petition in its Return of Writ.  Respondent did not file a reply brief.

**Supporting Facts**:  Unlawfully charged and prosecuted under 2 general statutes, R.C. 2907.02 and R.C. 2905.01 – Rape and Kidnapping. With the state court twisting the statutory definition of the word "force" and adding words not used in the legal statutory definition. When there is one specific statute, R.C. 2907.03- Sexual Battery, that probably prohibits the alleged conduct specifically.

**Ground Two**:  Sham Legal Process—Prosecutorial Misconduct

**Supporting Facts**:  The team of two assistant prosecutors handling my trial not only knew that their alleged victim was lying, but the prosecutors themselves also lied to my jury. The alleged victim's trial testimony is totally contradictory to her prior statement.

**Ground Three**: Denial of Counsel—Ineffective Assistance of Counsel

**Supporting Facts**:  At a pre-trial I fired assigned counsel. At the next pre-trial he was still on my case. He refused to withdraw or notify the court. My very first time in the court, prior to trial, I asked the court to replace counsel. The court denied without inquire and forced me to trial with that same counsel.

**Ground Four**:  Weight of Evidence/Sufficiency of Evidence

**Supporting Facts**:  I was convicted solely on the word of a self-proclaimed victim. There is absolutely no evidence to support the accusations and the evidence that was offered is in favor of acquittal. My conviction rest on absolutely no evidence at all. Just the word of an alleged victim who couldn't keep her story straight. An inconsistent word.

Doc. 1, pp. 5-6, 8-9.  Additionally, in his Memorandum in Support of his petition, Harrison asserted,

**Ground Five**: Right to a Speedy Trial

Doc. 1-1, p. 26.

On August 20, 2012, Respondent filed a Return of Writ responding to Harrison's first four grounds.[6]  Doc. 9.  Respondent argues that Harrison's grounds are procedurally defaulted, not cognizable, and lack merit.  Doc. 8, p. 17.  On September 21, 2012, Harrison filed a Traverse to the return of writ.  Doc. 17.

### III. Law

---

[6]  Respondent did not address Ground Five.

## A.  Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Harrison's habeas petition because he filed it after the effective date of the AEDPA. 28 U.S.C. § 2254.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 20*07).  Under the AEDPA, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 20*06).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (20*01). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 20*06).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition."  *Id. at 806* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams, 460 F.3d at 806*.

**Exhaustion.**  A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6  (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 20*06) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 20*03)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation

requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 19*90). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 20*00). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 19*87); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1*987).

  **Procedural Default.** Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 19*86), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

  Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"

*Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

### IV. Analysis

#### A. Claims Overview

Harrison sets forth five grounds for relief in his petition and brief in support.  Docs. 1, pp. 5-10; 1-1 p. 26.  Respondent argues that all or part of Harrison's first four grounds are procedurally defaulted.  Doc. 9, pp. 12-47.  Respondent also argues that Grounds One and Four are not cognizable; that Ground One is defective; and that Ground Three fails on the merits.  *Id.*, pp. 16, 29, 43.  For the reasons that follow, the undersigned concludes that all of Harrison's grounds, in whole or in part, are procedurally defaulted.  Additionally, the undersigned finds that Ground Three fails on the merits and Ground Four is not cognizable.

#### B. Grounds One and Five are Procedurally Defaulted

As set forth below, the undersigned concludes that Ground One is procedurally defaulted in two ways: (1) Harrison failed to comply with a state procedural rule and (2) Harrison failed properly to present his claim to the state courts.  *See Williams*, 460 F.3d at 806.  For the same reasons, Ground Five is also procedurally defaulted.

### 1.  Ground One—Harrison failed to comply with a state procedural rule

In Ground One, Harrison asserts that he was unlawfully charged and prosecuted under general statutes for rape and kidnapping, R.C. 2907.02[7] and R.C. 2905.01, but that, per Ohio rules of statutory construction, he should have been charged under the specific statute for sexual battery, R.C. 2907.03.[8]  Doc. 17, p. 5.  Harrison also contends that he was unlawfully charged under the newer version of R.C. 2907.02, which became effective in 2008 after he committed the offenses.[9]  Doc. 1-1, p. 4.  Respondent argues that Ground One is procedurally defaulted pursuant to *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 19 86).  Doc. 9, pp. 20-23.

Harrison presented Ground One in his application to reopen his direct appeal pursuant to Oh. App. R. 26(B).  An application to reopen must contain:

> (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record[.]

App. R. 26(B)(2)(d); *State v. Lechner*, 650 N.E.2d 449 (Ohio 1995) (sworn statement required by App. R. 26(B)(2)(d) is "mandatory").  The Ohio Court of Appeals denied Harrison's application as procedurally defective because Harrison failed to notarize his application as required by App. R. 26(B)(2)(d).  *State v. Harrison*, 2011 WL 550106 at *1.

---

[7] R.C. 2907.02 sets forth the definition of rape and provides, in pertinent part,

(A)(1) No person shall engage in sexual conduct with another…, when any of the following applies:

(b)The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

[8]  Ohio's sexual battery statute, R.C. 2907.03(A)(5), provides, in pertinent part,
(A) No person shall engage in sexual conduct with another … when any of the following apply:

(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person.

[9] Harrison also challenges the Ohio Supreme Court's decision in *State v. Eskridge*, 526 N.E. 2d 304 (Ohio 1998), in which the court interpreted the word "force" used in R.C. 2907.02.  Doc. 1-1, pp. 2-4.

Applying the *Maupin* factors, the undersigned finds that Ground One is procedurally defaulted.  First, there is a state procedural rule that Harrison failed to comply with.  *See* App. R. 26(B)(d)(2) (requiring a sworn statement).  Second, the state Court of Appeals enforced the procedural rule when it denied Harrison's application because Harrison did not notarize his application as required by App. R. 26(B)(d)(2).  *See State v. Harrison*, 2011 WL 550106 at *1.  Third, the state procedural rule is an adequate and independent state ground on which the state can foreclose review of Harrison's claim.  *See id.* ("the failure to support an application for reopening with a sworn statement is a sufficient ground for denying the application," citing *State v. Waller*, 2006 WL 2692590 (Sept. 21, 2006), reopening disallowed, 2007 WL 4126657, *2 (Nov. 16, 200*7); *State v. Lechner*, 650 N.E.2d 449 (Ohio 1995)).

Fourth, Harrison cannot demonstrate cause for his failure to follow the rule.  Harrison asserts that the prison law librarian who provided notary service was "very often absent."  Doc. 17, p. 8.  He does not allege that the librarian was never available during the time within which to file his application or that he attempted but failed to locate another individual to notarize his application.  *See King v. Warden*, 2010 WL 518172, at *10 (S.D.Ohio Feb. 4, 2010) (finding that the petitioner did not show cause for procedural default in claiming that he was denied access to a notary, stating, "Petitioner has not alleged any facts or submitted any evidence to support his conclusory allegation that he was denied access to a notary public at his institution of incarceration"); *Pough v. Ohio*, 2006 WL 3241791, at *8 (N.D.Ohio Nov. 7, 2006) ("any alleged inadequacy of a prison law library is [] insufficient to establish cause for excusing procedural default in a federal habeas matter," citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 20*04)).  Because Harrison cannot demonstrate cause for his procedural defect, the undersigned need not consider whether Harrison can show actual prejudice.  *See Smith v. Murray*, 477 U.S. 527, 533 (19*86) (court need not consider actual prejudice when the petitioner fails to demonstrate cause).

14

## 2. Ground One—Harrison failed properly to present the claim to the state court

As noted, Harrison presented Ground One for the first time in his Application to Reopen his direct appeal pursuant to App. R. 26(B).  He alleged that his appellate counsel was ineffective because he failed to raise assignments of error regarding his conviction and sentence based on R.C. 2907.02.  Doc. 9-2 pp. 58, 61-64.  In Ground One of his habeas petition, Harrison alleges that he was unlawfully charged and convicted pursuant to R.C. 2907.02.  Doc. 1, p. 5.  Respondent submits that because Harrison presented Ground One to the state court as an ineffective assistance of appellate counsel claim, he is procedurally barred from presenting Ground One on the merits for habeas review.  Doc. 9, p. 12.

An application to reopen a direct appeal pursuant to App. Rule 26(B) is made based on a claim of ineffective assistance of appellate counsel.  App. R. 26(B)(1).  A petitioner may not present, as an independent ground for relief, an issue in a habeas petition that was previously presented to the state courts only as the underlying basis for an ineffective assistance of counsel claim.  *See Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2001) (issue raised as an ineffective assistance of counsel claim is procedurally barred as an independent ground on the merits for habeas review); *Sneed v. Johnson*, 2007 WL 709778, at *33 (N.D.Ohio. 2007) (claims were procedurally defaulted because they were not raised as distinct grounds for relief to the state court, but presented as a claim for ineffective assistance of appellate counsel in an application to reopen and considered under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984)); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("This Circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.").  Harrison, therefore, cannot present Ground One

as an independent ground for relief in his habeas petition because he only presented it to the state

court as an ineffective assistance of appellate counsel claim.

If Ohio law does not permit Harrison to raise Ground One in a post-conviction petition at

this time, Ground One is procedurally defaulted.  *See Williams*, 460 F.3d at 806 ("If, at the time

of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the

claim is procedurally defaulted.").  In Ohio, a petition for post-conviction relief must be filed

within 180 days of the filing of the trial transcript in the court of appeals.  R.C. 2953.21(A)(2).

An exception provides that the court may consider an untimely petition if (1) either the petitioner

was unavoidably prevented from discovering the facts underlying his claim or the United States

Supreme Court recognized a new right that applies retroactively to the petitioner, and (2) the

petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no

reasonable factfinder would have found him guilty.  R.C. 2953.23 (A)(1)(a)&(b).  Ground One is

based on statutory interpretation and is not dependent upon new facts.  Harrison does not allege

that the United States Supreme Court recognized a new right that applies to him or that no

reasonable jury would have found him guilty.  Accordingly, Harrison would not be permitted to

raise Ground One in a state post-conviction petition at this time and Ground One, therefore, is

procedurally defaulted.

A federal court may not consider the merits of a procedurally defaulted claim unless the

petitioner demonstrates cause for the default and actual prejudice as a result of the alleged

violation of federal law or he demonstrates that failure to consider the claims will result in a

fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 749; *Lundgren v. Mitchell*, 440

F.3d 754, 763 (6th Cir. 20 06).  Harrison has not alleged or demonstrated cause and prejudice for

his procedural default.  Although he states that his Rule 26(B) Application to Reopen alleged

ineffective assistance of counsel, he does not argue here that his appellate counsel was

16

ineffective under _Strickland v. Washington_, 466 U.S. 668 (1984)—he only argues that he was

unlawfully charged and prosecuted under R.C. 2907.02.  "Habeas petitioners cannot rely on

conclusory assertions of cause and prejudice to overcome procedural default; they must present

affirmative evidence or argument as to the precise cause and prejudice produced."  _Lundgren,_

_440 F.3d at 764_.  Accordingly, Harrison has not shown that he received ineffective assistance of

appellate counsel and cannot, therefore, show cause and prejudice for his procedural default.

In his Traverse, Harrison states, "Petitioner should be granted relief on [Ground One] to

correct the fundamental miscarriage of justice the state has caused and failed to correct."  Doc.

17, p. 8.  "A fundamental miscarriage of justice results from the conviction of one who is

'actually innocent.'"  _Lundgren_, 440 F.3d at 764 (quoting _Murray_, 477 U.S. at 496.).  To be

credible, a claim of actual innocence requires a showing of "new reliable evidence" and requires

a showing of factual innocence, not mere legal insufficiency. _See_ _Schlup v. Delo_, 513 U.S. 298,

324 (1995); _Carter v. Mitchell_, 443 F.3d 517, 538 (6th Cir.2006).  Harrison does not provide new

reliable evidence and does not demonstrate factual innocence.  Accordingly, Ground One is

procedurally defaulted.

### 3.  Ground Five is Procedurally Defaulted

In Ground Five, Harrison contends that he was denied the right to a speedy trial.  Doc. 1-

1, p. 26.  Harrison did not raise this issue on direct appeal.  Instead, Harrison raised it as grounds

for claiming his appellate counsel was ineffective in his Rule 26(B) Application to Reopen.  Doc.

9-2, pp. 82-83.  As described, _supra_, this claim is procedurally defaulted because Harrison's

Rule 26(B) application did not comply with a state procedural rule and was deemed procedurally

defective by the state court.  _See_ _Maupin_, 785 F.2d at 138.  Additionally, the right to a speedy

trial was previously presented to the state court only as the underlying basis for an ineffective

assistance of counsel claim and may not be presented here as an independent ground for relief.

*See Lott*, 261 F.3d at 611-12.  Thus, for the same reasons that Ground One is procedurally defaulted, described above, Ground Five is also procedurally defaulted.

### C. Ground Two is Procedurally Defaulted

In Ground Two, Harrison alleges prosecutorial misconduct.  Doc. 1, p. 6.  He argues that the prosecutors "not only knew that their alleged victim was lying.  But the prosecutors themselves also lied to my jury."  Doc. 1, p. 6.  He contends that there were inconsistencies in the victim's testimony; that the victim's testimony was inconsistent with her prior sworn statement; and that the prosecutors did not confront the victim about these inconsistencies but instead lied to the jury during opening and closing statements about the content and consistency of the victim's testimony.  Doc. 1-1, pp. 5-14.  Respondent argues that Ground Two is procedurally defaulted because Harrison failed to pursue it through Ohio's established appellate review process.  Doc. 9, p. 24.

Ground Two is based on the trial court record and could have been but was not raised in Harrison' direct appeal.  Thus, Harrison failed to fully exhaust his claim on direct appeal so as to allow the state courts a full opportunity to resolve his constitutional claim.  *Williams v. Bagley*, 380 F.3d 932, 966-967 (6th Cir. 2004) (citing *O'Sullivan*, 526 U.S. at 845).   Harrison would now be barred by *res judicata* from asserting a prosecutorial misconduct claim.  *Williams*, 380 F.3d at 967.  "Ohio's doctrine of *res judicata* . . . provides in relevant part that a final judgment of conviction bars a convicted defendant from raising in any proceeding, except an appeal from that judgment, any issue that was raised, or could have been raised, at trial or on appeal from that judgment."  *Id*. at 932 (citing *State v. Perry*, 10 Ohio St.2d 175 (1967)).   *Res judicata* is an adequate and independent state ground for precluding federal habeas review.  *Id*. at 967-968; *see also Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994)) (holding that *res judicata* precludes post-conviction relief to

18

address constitutional claims that could have been raised on direct appeal from the conviction and sentence).  Accordingly, Harrison has procedurally defaulted Ground Two and is barred from seeking federal habeas relief unless he can demonstrate cause and prejudice to excuse the procedural default.

For cause, Harrison argues that he did not raise the issue of prosecutorial misconduct on direct appeal because his appellate counsel was ineffective.  Doc. 17, p. 21.  Harrison, however, did not raise prosecutorial misconduct as a reason that his appellate counsel was ineffective in his Application to Reopen pursuant to App. R. 26(B).  Even if he had, the Ohio Court of Appeals determined that Harrison's Rule 26(B) application was procedurally defaulted, and Harrison, as described, *supra*, cannot show cause to excuse the procedural default.  Accordingly, Ground Two is procedurally defaulted.

### D.  Ground Three Fails on the Merits and is Procedurally Defaulted

Ground Three may be viewed as presenting two theories—that trial counsel was ineffective and that Harrison was denied the right to counsel of his choice.  Doc. 1, p. 8.  Respondent submits that the ineffective assistance of counsel portion of Ground Three fails on the merits and, to the extent Harrison objects to the procedure used by the Ohio courts, such a claim is procedurally defaulted.  Doc. 9, pp. 29, 41.

#### 1.  Harrison's ineffective assistance of counsel claim fails on the merits

Harrison argues that he fired his public defender at a pretrial hearing and that he informed the trial court of this development on the day of trial.  Doc. 1, p. 8.  The trial court denied Harrison's request to remove his counsel and proceeded with trial.  On direct appeal, Harrison raised the court's denial of his request for new counsel as an assignment of error.  *State v. Harrison*, 2010 WL 2471415, at * 5.  The state Court of Appeals held that the trial court should have inquired into the reasons Harrison wanted new counsel.  *Id.* at *6.  The court remanded with

19

instructions for the trial court to inquire into Harrison's allegations regarding his reasons for wanting new counsel. *Id.*  The Court of Appeals cited *State v. Deal*, 244 N.E.2d 742 (1969), *State v. Prater*, 593 N.E.2d 44 (1990) and *State v. Beranek*, 2000 WL 1867254 (Ohio Ct. App. Dec. 14, 2000) in support of the requirement that a trial court, upon a defendant's request for new trial counsel, inquire into the defendant's complaints and allegations against his counsel in order to make a record of the inquiry so as to permit direct review. *State v. Harrison*, 2010 WL 2471415 at *5-6.  The Court of Appeals further instructed the trial court to re-enter judgment against Harrison if the court found that Harrison's allegations were unfounded. *Id.* at *6.

On remand, the trial court held a hearing inquiring into Harrison's reasons for wanting new counsel.  Doc. 9-7.  Harrison stated that he did not want his appointed counsel to represent him because the appointed counsel did not call alibi witnesses; did not obtain police reports to support Harrison's claim that he was evicting the victim and her mother; stated that he knew that Harrison was guilty and told Harrison to take the best plea bargain available; was a former prosecutor and Harrison did not want an attorney who had made a "drastic career move[]"; and Harrison had retained another attorney to represent him in place of his appointed counsel.  Doc. 9-7, pp. 4, 7, 12, 14.  The trial court found these reasons "insufficient."  Doc. 9-7, p. 14.

Harrison appealed, arguing that the trial court failed to provide a full and fair hearing. *State v. Harrison*, 2011 WL 2566470, at *4.  The state Court of Appeals rejected Harrison's argument, finding that the trial court made sufficient inquiry into Harrison's allegations and agreed with the trial court that Harrison's reasons were insufficient. *Id.* at *5.  The court explained,

> {¶18} Primarily, during the hearing, Harrison made general, broad statements about his dislike for the manner in which trial counsel conducted the investigation into his case. Harrison claimed that he had alibi witnesses and police reports that would provide a motive for R.A. and her mother to falsely accuse him. However, Harrison never provided the name of any alleged alibi witness or any police report showing that he evicted R.A. or

her mother. Moreover, defense counsel provided a reasonable explanation for the lack of an alibi witness: given the length of time over which these allegations occurred and the number of residences at which they were to have occurred, defense counsel found it impossible to pinpoint any alibi witnesses. Lastly, this court rejected Harrison's suggestion that the victim made up the crimes. *Harrison, supra.*

{¶ 19} Next, Harrison claims the trial court erred when it failed to inquire into the attorney-client relationship during the hearing. Initially, we note that Harrison never alleged that a breakdown between himself and trial counsel ever occurred. Nonetheless, we find that the trial court was not required to do so. The purpose of the hearing was to allow Harrison to state the reason why he wanted replacement counsel. If the reasons were vague and general, as the trial court found in this case, no further investigation was required. *Prater, Beranek.* Accordingly, the trial court did not have to determine whether a breakdown in the attorney-client relationship occurred.

{¶ 20} Harrison also claims that the trial court erred by allowing his trial counsel to represent him on the remand hearing and further erred when it failed to place himself and his trial counsel under oath. Again, however, Harrison misses the point of the limited remand in his case. A court is required to conduct an investigation only if it determines that a defendant's allegations are specific enough. *Prater, Beranek.* The remand hearing was an informal procedure designed to flush out meritorious claims for new counsel. Had Harrison presented such a claim, the trial court would have been bound to conduct a further investigation, which would have presumably involved the swearing in of witnesses and assigning of counsel.

*Id.* at *5.  The Ohio Court of Appeals also rejected Harrison's argument that the trial court should have appointed him new counsel for the hearing on remand.  *Id.* at *6.

### a. Ineffective assistance of counsel standard

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. Amend. VI.  A defendant has a Sixth Amendment right not just to counsel but to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish that his attorney was constitutionally ineffective, Harrison must demonstrate that (1) the attorney made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) counsel's allegedly deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.  Under the first prong of the *Strickland* test, a petitioner must show

that counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case.  *Id*. at 688.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id*. at 689.  Specifically, "reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."  *Frazier v. Jenkins*, --F.3d--, 2014 WL 5419936, at *13 (6th Cir. Oct. 27, 2014), quoting *Rompilla v. Beard*, 545 U.S. 374, 383 (2005).  To satisfy the second, "prejudice," prong of the *Strickland* test, a petitioner must demonstrate that a "reasonable probability" exists that, but for his counsel's errors, the outcome of the trial would have been different.  *Strickland*, 466 U.S. at 694.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Smith v. Jago*, 888 F.2d 399, 404 (6th Cir. 1989) (quoting *Strickland*, 466 U.S. at 691).

A federal habeas court must give deference to the state court's adjudication of the merits of a claim.  *Perkins v. McKee*, 411 Fed. App'x 822, 828 (6th Cir. 2011).  The Supreme Court emphasized the double layer of deference that federal courts must give state courts in reviewing *Strickland* claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. . . . An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether

counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 786-88 (2011).

### b. Harrison's arguments

Harrison argues that his trial counsel was ineffective because he did not call witnesses that were living at the home on Colombia Avenue during the time the offenses occurred.[10]  Docs. 1-1, pp. 16-20; 17, pp. 23-25.  Harrison argues that because many people lived in the house, "any number of them could have been an alibi witness."  Doc. 17, p. 27.  During the hearing on remand, Harrison's trial counsel explained that, because the allegations in Harrison's case spanned multiple years and three different homes, counsel "was trying to pinpoint the exact days when people were there, and we were unable to do that.  That's why I didn't feel we had alibi witnesses at the time."  Doc. 9-7, p. 6.  In affirming the trial court's determination that Harrison's allegations were insufficient, the state Court of Appeals noted, "Harrison never provided the name of any alleged alibi witness….Moreover, defense counsel provided a reasonable explanation for the lack of an alibi witness: given the length of time over which these allegations occurred and the number of residences at which they were to have occurred, defense counsel found it impossible to pinpoint any alibi witnesses."  *State v. Harrison*, 2011 WL 2566470, at *5.

Harrison quotes case law regarding ineffective assistance of counsel and asserts that his counsel was ineffective because he "refuse[d] to contact any of Harrison's witnesses."  Doc. 17, p. 31.  However, the allegations against Harrison were alleged to have occurred from August 1, 2005 until June 1, 2007.  There were no specific dates.  Harrison does not explain how individuals living at the Columbia Avenue house, including "a toddler, a newborn, … and an ever present 'homeless' uncle sleeping on the living room sofa" (Doc. 17, p. 28), could have

---

[10]  At times, Harrison argues that there were many people living in the Columbia Avenue house (Doc. 17, p. 27-28) but he has also stated, "every home we stayed in, we had more people in that home" (Doc. 9-7, p. 13).

provided him with an alibi for the five and one-half months Harrison and the victim lived at the Columbia Avenue house or how these individuals could have testified that "there was never an opportunity [for Harrison] to be alone with the alleged victim."[11]  Doc. 1-1, p. 20.  Harrison cannot show, based on all the circumstances surrounding his case, *see Strickland*, 466 U.S. at 688, that "the state court's ruling on [his] claim…was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *see Harrington*, 131 S. Ct. at 787-88.

Harrison submits that the state Court of Appeals recited a "lie" when it stated, "Defense counsel stated that he did attempt to locate an alibi witness, however, because the allegations happened over multiple years and at least three separate locations, counsel was unable to pinpoint the days when other people were present."  Doc. 17, p. 24; *State v. Harrison*, 2011 WL 2566470, at *3.  Harrison contends that his counsel never said that he "did attempt to locate an alibi witness."  Doc. 17, p. 24.  It is not clear from counsel's statement whether he had spoken to individuals that Harrison identified as living in the home or he had not spoken to the individuals.  Regardless, counsel's failure to attempt to locate an alibi witness cannot be said to be objectively unreasonable under the circumstances of Harrison's case given the time-frame and the lack of specific dates of the allegations.  *See Strickland*, 466 U.S. at 688.  Moreover, Harrison has failed to demonstrate that a "reasonable probability" exists that, but for his counsel failing, the outcome of the proceedings would have been different.  *Id.* at 694.  In sum, the state court's application of *Strickland* was not unreasonable.  *Harrington*, 131 S.Ct. at 785.[12]

---

[11]  Harrison at times refers to the individuals in the home as potential "alibi witnesses" as well as witnesses who could testify that Harrison was never alone with the victim.  *See* Doc. 1-1, p. 20.

[12]  Harrison advances new reasons why his trial counsel was ineffective in his Traverse, Doc. 17, pp. 33-36 (arguing that Harrison's counsel did not tell him that Harrison's sentence would increase if he did not accept the plea deal; Harrison's counsel failed to investigate a social worker's report; Harrison's counsel did not challenged the "'bad man' character evidence"; Harrison's counsel failed to object to the wrong dates and the court's failure to instruct the jury on proper elements).  These arguments were not presented to the state court as reasons Harrison's counsel

## 2. Harrison's challenge to the procedure used by the state court is procedurally defaulted

To the extent Harrison challenges the procedure used by the state court, such a claim is procedurally defaulted. To recap: on direct appeal the court remanded Harrison's claim that he was denied new counsel to the trial court with instructions to inquire into Harrison's reasons for wanting new counsel. On remand, the trial court held a hearing and inquired into Harrison's reasons. It found Harrison's reasons for new counsel insufficient. Harrison appealed and the state Court of Appeals affirmed. Harrison did not timely appeal the Court of Appeals' decision to the Ohio Supreme Court. Instead, he filed a delayed appeal with the Ohio Supreme Court, which the court denied. Doc. 9-2, pp. 17-19, 56.

"[T]he denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla*, 370 F.3d at 497. Thus, Harrison failed to comply with a state procedural rule in presenting his claim to the appropriate state court. *Williams*, 460 F.3d at 806. To determine whether Harrison's claim is barred for failing to comply with a state procedural rule, the Court applies the *Maupin* factors. *See id.* First, there was a state procedural rule setting forth a forty-five-day time limit to appeal the Court of Appeals' decision. *See* Oh. S. Ct. Prac. R. § 7.01(A)(1)(a).[13] The rule was established and regularly followed and Harrison failed to follow it. *See Bonilla*, 370 F.3d at 497. Second, the Ohio Supreme Court enforced the procedural rule. *Id.* ("Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar."). Third, the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim. *See id.* Finally, Harrison does not argue or otherwise

---

was ineffective and are, therefore, procedurally barred. *See O'Sullivan*, 526 U.S. at 845 (state courts must be given a full and fair opportunity to resolve federal constitutional claims before the claims are presented to a federal court).

[13] The forty-five day rule found in S. Ct. R. § 7.01(A)(1)(a) was previously S. Ct. R. § 2.2(A)(1)(a)

demonstrate cause for his failure to follow the rule.  *See, e.g., id.* at 498 (listing common reasons for procedural default that are insufficient to establish cause).  Accordingly, Ground Three, to the extent it challenges the procedure used by the state court, is procedurally defaulted.

### E.  Ground Four is Not Cognizable and is Procedurally Defaulted

In Ground Four, Harrison alleges that his conviction was against the weight of the evidence and challenges the sufficiency of the evidence.  Doc. 1, p. 9.  He argues that there was "no evidence" to support the victim's accusations and that the evidence that was offered favored acquittal.  Doc. 1, p. 9.  Respondent asserts that a claim alleging the weight of the evidence is not cognizable in federal habeas corpus and that Harrison's sufficiency of the evidence claim is procedurally defaulted.  Doc. 9, pp. 45-47.

### 1.  Harrison's manifest weight of the evidence claim is not cognizable

Harrison presented the following claim on direct appeal: "The convictions are against the weight of the evidence."  Doc. 9-1, p. 46.  His brief specifically discussed the weight of the evidence and distinguished a case testing the sufficiency of the evidence.  Doc. 9-1, pp. 64-67.  Accordingly, the Court of Appeals' opinion discussed a challenge based on the weight of the evidence.  *State v. Harrison*, 2010 WL 2471415, at * 4-5.  Harrison does not dispute this.  Instead, he argues that "weight of evidence and sufficiency of evidence goes hand and hand."  Doc. 17, p. 37.

Federal habeas corpus relief is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 US 1, 131 S.Ct. 13, 16 (2010).  A claim of manifest weight of the evidence rests solely on state law and is not a cognizable claim in a federal habeas petition.  *See Ross v. Pineda*, 2011 WL 1337102, at *3 (S.D.Ohio April 11, 2011) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law," citing *State v. Thompkins*, 678 N.E.2d 541 (Ohio 1997)).  Harrison's manifest weight

of the evidence claim in Ground Four is not cognizable in a federal habeas corpus proceeding and is not reviewable by this Court.  *See* *id.*

### 2. Harrison's sufficiency of the evidence claim is procedurally defaulted

Harrison admits that sufficiency of the evidence was not raised on direct appeal.  Doc. 17, p. 17.  Harrison, therefore, failed to provide the state courts with an opportunity to adjudicate the claim of sufficiency of the evidence and that claim is procedurally defaulted. *See* *Williams*, 460 F.3d at 806 (a claim must be pursued through the state's ordinary appellate review procedures). Although Harrison arguably raised sufficiency of the evidence in his *pro se* brief to the Ohio Supreme Court, an issue not raised in a direct appeal is procedurally barred from consideration by the Ohio Supreme Court. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (failure to raise issues to the court of appeals procedurally bars them from being heard by the Ohio Supreme Court).

For cause to excuse the procedural default, Harrison asserts that his appellate counsel was ineffective for not raising sufficiency of the evidence on direct appeal.  Doc. 17, p. 37.  He also argues that the ten-page limitation in applications to reopen pursuant to App. R. 26(B)(4) did not provide an ample opportunity for him to brief all the errors his appellate counsel allegedly committed.  Doc. 17, p. 37.  As previously explained, *supra*, Harrison's ineffective assistance of appellate counsel claim asserted in his Rule 26(B) application was procedurally defaulted. Moreover, Harrison's brief in support of his application to reopen was seven pages long, three shy of the page limitation.  Doc. 9-2, pp. 58-64.  The ten-page limitation did not, therefore, impede Harrison's ability to raise the failure of his appellate counsel to argue sufficiency of the evidence.  Thus, Harrison cannot overcome the procedural bar to this claim.  *See* *Coleman*, 501 U.S. at 750 (to overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law).

### F.  Request for Discovery

Harrison requests discovery and an evidentiary hearing.  Doc. 21.  However, in *Cullen v.*
*Pinholster, -- U.S. -- , 131 S.Ct. 1388, 1398–14*01 (2011), the United States Supreme Court held
that the AEDPA requires federal courts to evaluate the reasonableness of state court decisions on
the basis of the "record in existence" before the state court at the time of the state court decision.
Under *Pinholster*, federal courts generally may not consider new evidence developed at an
evidentiary hearing in federal court on claims adjudicated on the merits in state court.  *Id.*
Because the Court has been able to resolve all of Harrison's claims by reference to the state court
record, it follows that, under *Pinholster*, he is not entitled to an evidentiary hearing on his claims.
Accordingly, Harrison's request for an evidentiary hearing is DENIED.

### V. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's habeas
corpus petition be **DENIED**.  The undersigned also **DENIES** Harrison's request for discovery
and an evidentiary hearing (Doc. 21).

Dated: October 30, 2014

_____
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).