UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lorenzo Harrison,** | ) | **CASE NO. 1:12 CV 202** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ohio Department of Rehabilitation** | ) | **Memorandum of Opinion and Order** |
| **and Correction,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. 25) recommending the denial of the petition for writ of *habeas corpus* and denying Petitioner's request for discovery and an evidentiary hearing. Petitioner has filed Objections to the Report and Recommendation as well as a motion to amend (Doc. 26). For the reasons set forth below, the motion to amend is DENIED and the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the Untied States District Courts provides that the district court reviews *de novo* those portions of a report of a

1

magistrate judge to which a specific objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

Petitioner filed Objections to the Report and Recommendation 21 days after it was filed.  However, the Court will review *de novo* those portions of the Petition to which objection was made.[1]

### Discussion

The pertinent background in this matter is set forth more fully by the Magistrate Judge in her Report and Recommendation.  After a jury trial, Petitioner was convicted of three counts of rape and three counts of kidnaping in the Cuyahoga County Court of Common Pleas.  The victim was under ten years of age and the daughter of Petitioner's girlfriend.  Petitioner was sentenced to life without parole for the three rape convictions to be served concurrently and ten years for each of the kidnaping convictions to be served concurrently with each other and the sentences for the rape convictions.

On January 27, 2012, Petitioner, *pro se*, filed the present *habeas* petition, alleging five grounds for relief.  In her Report and Recommendation, Magistrate Judge Burke analyzed Petitioner's asserted grounds and determined that they were either procedurally defaulted, failed on the merits, or non-cognizable.

**A. Petitioner's Motion for Leave to Amend**

After the Magistrate Judge had filed her Report and Recommendation, Petitioner filed

---

[1] On January 12, 2015, Petitioner filed "Petitioner's Request to Supplement Written Objections and Amended Petition, Renewed Request for Leave to Conduct Discovery and Renewed Request or [sic] an Evidentiary Hearing" (Doc. 30). This request comes almost two months after Petitioner's objections were due. The Court will not consider it at this late date.

a Motion for Leave to Amend Petition and For Order of Stay and Abeyance on November 20, 2014 (Doc. 26). Petitioner asks the Court for leave to amend his Petition to add a new claim for relief, and then stay this federal proceeding. Petitioner informs the Court that on August 8, 2014, he filed a writ of *habeas corpus* in the Fifth District Court of Appeals, adding an additional ground for relief to the five presented in the instant Petition. He seeks to stay this proceeding pending an outcome in the state case.

Fed.R.Civ.P. 15(a) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it," and "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." In deciding whether to grant leave to amend, the Court may consider whether there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Petitioner filed his petition for a writ of *habeas corpus* on January 27, 2012. The matter was referred to Magistrate Judge Kathleen B. Burke who prepared a Report and Recommendation which was filed on October 30, 2014. On November 20, 2014, Petitioner filed his Objections to the Report and Recommendation as well as the motion to amend. The Court finds there to be a significant delay in Petitioner's request to amend his *habeas* petition. Petitioner could have amended his Petition as a matter of course within twenty-one days of receiving the Government's response. He could have further sought leave to amend prior to the submission of the Report and Recommendation. He could have sought leave in August when he filed his state habeas petition. Instead, Petitioner filed his motion to amend

twenty-one days after the Report and Recommendation was filed, and seven days beyond the time period in which he was instructed to file objections. The Court finds that Respondent would be prejudiced by the allowance of an amendment because the initial *habeas* petition has already been fully litigated. Leave to amend is denied, as is Petitioner's motion to stay the case.

### B. *Habeas* Petition

In Ground One, Petitioner argues that he was unlawfully charged and prosecuted under the general statutes for rape and kidnaping and that he should have been charged under the specific statute for sexual battery. In Ground Five, Petitioner asserts that he was denied the right to a speedy trial. The Magistrate Judge concluded that these claims were procedurally defaulted because Petitioner failed to comply with a state rule and properly present his claims to the state courts.

Petitioner presented Grounds One and Five in an application to reopen his direct appeal, based on an ineffective assistance of appellate counsel. The Ohio Court of Appeals denied the application because Petitioner failed to notarize it, as required by App. R. 26(B)(2). The Magistrate Judge concluded that Ground One was procedurally defaulted because Petitioner failed to comply with the state's procedural rule, and this was an independent state ground on which the state can foreclose review of the claim. The Magistrate Judge also concluded that Petitioner could not show cause for his failure because Petitioner only alleged that the prison law librarian who provided notary service was "very often absent." (Doc. 17 p. 8). In his Objections, Petitioner acknowledges that the law librarian was not always absent. Nevertheless, under the rigors and routine of his day to day

4

life in prison, he effectively did not have access to notary services.  Petitioner explains that he has filed complaints with the prison about this and offers to obtain copies to substantiate his claim.  None are included with the Objections.  The Court agrees with the Magistrate Judge's determination that Petitioner has failed to demonstrate cause for his procedural default.  *See King v. Warden*, 2010 WL 528172, at *10 (S.D. Ohio Feb 4, 2010) (finding that petitioner failed to show cause for procedural default where he claimed that he was denied access to a notary because the petitioner's allegations were conclusory).

Petitioner argues that he did fairly present his grounds in a *pro se* appellate brief that was stricken from the record, as well as in the App. R. 26(B) application which, as noted above, was denied.  Petitioner argues that because the Eighth District Court of Appeals considered and denied his application on the merits, after finding he had failed to comply with the notary rule, these grounds have been fairly presented to the state court.  The Court disagrees. While the state did address the merits of Petitioner's application, the court did not excuse his failure to follow the state procedural rule.  Consequently, the Court accepts the Magistrate Judge's recommendation that Grounds One and Five are procedurally defaulted.

Additionally, the Magistrate Judge determined that Petitioner failed to properly present Grounds One and Five to the state court.  An Application to Reopen pursuant to Rule 26(B) is made based on a claim of ineffective assistance of appellate counsel.  The Magistrate concluded, and the Court agrees, that because Petitioner presented Grounds One and Five only as ineffective assistance of appellate counsel claims, he cannot present it as an independent ground for relief in his *habeas* petition here.  *See Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2001).  The Magistrate Judge next found that Petitioner would not be able to

raise these grounds in a state post-conviction petition, his time having expired. Therefore, these grounds are procedurally defaulted. Finally, the Magistrate Judge concluded that Petitioner could not demonstrate cause for the default nor was there any new reliable evidence to demonstrate factual innocence. Consequently, the Magistrate Judge found, and the Court agrees, that Grounds One and Five were not properly presented to the state court.

In Ground Two, Petitioner alleges a claim based on prosecutorial misconduct, arguing that the prosecutors lied to the jury because they knew the victim was untruthful about the number of times she said she was raped. The Magistrate Judge found that Petitioner had failed to exhaust this claim because the issue was not raised in his direct appeal and he would now be barred by *res judicata*. Noting that *res judicata* is an adequate and independent state ground for precluding *habeas* review, the Magistrate Judge further concluded that Petitioner could not demonstrate cause to excuse the procedural default because he did not raise prosecutorial misconduct as a reason his appellate counsel was ineffective in his Application to Reopen. Even if he had, as noted above, the Rule 26(B) application was procedurally defaulted. Petitioner objects on the basis that this claim was presented to the Court of Appeals at oral argument and in his stricken *pro se* appellate brief. After review, the Court agrees with the Magistrate Judge that Petitioner's claim in Ground Two is procedurally defaulted.

Petitioner's Ground Three rests on two theories. First, Petitioner's trial counsel was ineffective. Second, Petitioner was denied the right to counsel of his choice. The Magistrate Judge scrutinized Petitioner's ineffective assistance of counsel claim and found it failed on the merits. Petitioner argues that his trial counsel was ineffective because he did not call alibi

6

witnesses. In affirming the trial court's finding, the Court of Appeals noted: "Harrison never provided the name of any alleged alibi witnesses. . . Moreover, defense counsel provided a reasonable explanation for the lack of an alibi witness: given the length of time over which these allegations occurred and the number of residences at which they were to have occurred, defense counsel found it impossible to pinpoint any alibi witnesses." (Doc. 25 p. 23). The Magistrate Judge found, and the Court agrees, that the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was not unreasonable. As such, Petitioner's claim for ineffective assistance of counsel in Ground Three fails on the merits.

The Magistrate Judge further concluded that Ground Three was procedurally defaulted. Petitioner argues that he fired his public defender at a pretrial hearing and informed the trial court of this development on the day of trial. The Court of Appeals instructed the trial court to inquire about Petitioner's reasons for wanting new counsel and re-enter judgment against him if it found his allegations were unfounded. On remand, the trial court found that Petitioner's reasons for wanting new counsel—that appointed counsel did not call alibi witnesses; did not obtain police reports to support Petitioner's claim that he was evicting the victim and her mother; counsel stated he knew Petitioner was guilty and told him to take the best plea available; counsel was a former prosecutor; and Petitioner had retained another attorney to represent him—were insufficient. On appeal, the state Court of Appeals found that the trial court had made sufficient inquiry into Petitioner's allegations and found his reasons were insufficient. The Magistrate Judge notes that Petitioner did not timely appeal the Court of Appeal's decision to the Ohio Supreme Court. Instead, Petitioner filed a delayed appeal, which the Ohio Supreme Court denied. Analyzing the denial under *Maupin*

7

*v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Magistrate Judge found, and the Court agrees, that Petitioner's claim is procedurally defaulted.

In Ground Four, Petitioner alleges that his conviction was against the weight of the evidence. Petitioner concedes that the manifest weight of the evidence claim is not cognizable because it rests solely on state law. The Magistrate Judge found that Petitioner's sufficiency of the evidence claim was procedurally defaulted because, as Petitioner admits, it was not raised on direct appeal. As cause for the default, Petitioner asserts that his appellate counsel was ineffective for not raising the sufficiency of the evidence claim on direct appeal and that the ten-page limitation on Applications to Reopen under Rule 26(B)(4) did not provide him an opportunity to list all the errors of his appellate counsel. As discussed, Petitioner's ineffective assistance of appellate counsel claim in his Rule 26(B) application is procedurally defaulted. The Magistrate Judge also noted that Petitioner's application to reopen was seven pages long, three shy of the page limitation. Consequently, the Magistrate Judge found, and the Court agrees, that Petitioner has failed to demonstrate cause for the procedural default.

Finally, the Magistrate Judge recommended under *Cullen v. Pinholster*, ––– U.S. –––, 131 S.Ct. 1388 (2011), that the Court deny Petitioner's requests for discovery and an evidentiary hearing. The Court agrees with the Magistrate Judge that Petitioner's claims can be resolved by reference to the state court record. As such, Petitioner's request for an evidentiary hearing is denied.

### **Conclusion**

For the foregoing reasons, the Report and Recommendation is accepted. The Petition

for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

       IT IS SO ORDERED.


                      /s/ Patricia A. Gaughan
                      PATRICIA A. GAUGHAN
                      United States District Judge

Dated: 2/10/15